# GT GreenbergTraurig

Stephen L. Saxl
Tel 212.801.2184
saxls@gtlaw.com

November 16, 2023

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Drugas v. Prime Hydration LLC*, Case No. 1:23-cv-08552-KPF (S.D.N.Y.)

Dear Judge Failla:

  We represent defendant Prime Hydration LLC ("Prime") in this action. We write to request a pre-motion conference or permission to file Prime's anticipated motion to dismiss the Class Action Complaint ("Compl.") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and failure to plead with particularity under Rule 9(b) where it applies. Prime has conferred with counsel for Plaintiff Kyra Drugas and she does not consent to dismissal (but does not oppose filing the motion). Under Your Honor's Individual Rule 4(A), this pre-motion letter stays Prime's time to answer or otherwise move. Prime requests that it be allowed 21 days to file its motion to dismiss following the Court entering an order permitting Prime to file the motion.

  In short, Drugas's Complaint alleges that Prime sold a line of Energy Drinks ("PRIME Energy") with a label stating that it contains "200mg of caffeine." Compl. ¶ 18. According to Drugas, however, PRIME Energy "actually contain[s] between 215-225 milligrams of caffeine." Compl. ¶ 19. Drugas alleges that she would not have purchased PRIME Energy had she known. Compl. ¶ 5. On this basis, she asserts that she and all members of the putative nationwide class have been damaged in the amount of the full purchase price they paid.

  The illogical theory of the Complaint is that consumers seeking to purchase an Energy Drink are somehow injured if it contained 215-225 mg instead of 200mg (which Defendant does not concede). This could not plausibly be considered material to the reasonable consumer, whose typical purpose in purchasing an Energy Drink is to consume caffeine for more energy. Indeed, a "tall" (12 oz.) size of Starbucks Pike Place coffee reportedly contains approximately 235 mg of caffeine and a "grande" (16 oz.) contains 310mg.[1] If anything, it is far more likely that a reasonable consumer of Energy Drinks may pay more, not less, for additional caffeine. Moreover, the sole basis for the allegation that PRIME Energy contains 215-225 mg of caffeine is unidentified "testing commissioned by Plaintiff's attorneys." Compl. ¶ 19. The Complaint does not allege who performed the testing, what batch of product was tested, when and how the testing was performed, or what the complete results of the testing show. Plaintiff has refused our request to provide us with the testing at this stage. Prime plans to move to dismiss all seven of Drugas's causes of action because the Complaint is built on implausible and insufficient allegations and fails to state a claim.

---

[1] *See* https://www.starbucks.com/menu/product/480/hot/nutrition.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Katherine Polk Failla
November 16, 2023
Page 2

**Counts II and III:** Drugas fails to state a claim under New York General Business Law ("GBL") §§ 349 and 350 because she fails to plausibly allege that Prime's conduct was materially misleading or that she suffered any actual injury as a result.

"[P]laintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result . . . ."[2] While the FDA does not regulate the disclosure of caffeine content, "[a]dded nutrients in fortified or fabricated foods" generally require that "the nutrient content . . . must be formulated to be at least equal to the value for that nutrient declared on the label." 21 C.F.R. § 101.9(g). The FDA specifically recognizes that manufacturers "intentionally add . . . in excess of the declared label amount so that the finished product can meet the label declaration for that dietary ingredient throughout the product's shelf life." 68 Fed. Reg. 12158, 12203. While Drugas asserts in a conclusory fashion that "[i]t is axiomatic that the amount of reported caffeine contained within [PRIME Energy drinks] are material to any consumer seeking to purchase an energy drink," Drugas does not allege any facts supporting the conclusion that a reasonable consumer—seeking to purchase an Energy Drink—would find an alleged overage of 7.5% to 12.5% (and a caffeine total still less than a Starbucks 12-ounce coffee) to be materially misleading. Compl. ¶¶ 16, 19.

Moreover, Drugas has "impermissibly set up the deception as both act and injury, a theory specifically rejected by" New York courts.[3] Drugas does not allege that the price of PRIME Energy was inflated by the representation that it contained *only* 200mg of caffeine and that the price would have been lower had it disclosed that it contained "between 215-225 milligrams of caffeine."

**Count I:** Drugas lacks standing to assert claims under the 9 non-New York consumer fraud statutes she lists in a footnote.[4] Compl. p.11 n.17. Plaintiff does not allege the elements of these claims or facts showing how Prime violated any of the statutes. Even if Plaintiff had standing, she fails to state a claim for the same reasons (shown above) that her GBL claims should be dismissed. Plaintiff also fails to plead with particularity under Rule 9(b), as required for most of these statutes.

**Count IV:** Drugas fails to state a claim for breach of express warranty. As a threshold matter, Drugas failed to provide "timely written notice of the alleged breach," as New York law requires.[5] *See* N.Y. U.C.C. § 2-607(3)(a). This "notice requirement is intended 'to give the seller the opportunity to make adjustments or replacements,' to minimize loss and liability, and 'to give the seller a chance to prepare for negotiation and litigation.'"[6] Drugas asserts she sent Prime "a

---

[2] *Wynn v. Topco Associates, LLC*, 19-CV-11104 (RA), 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021).
[3] *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 78, 786 N.Y.S.2d 153, 154 (2004) (affirming dismissal of a claim that did not sufficiently allege "that the cost of the beverages was inflated by these misrepresentations or that their health was adversely affected by drinking the beverages").
[4] "[B]ecause [Plaintiff] neither resides in, nor alleges that she purchased [PRIME Energy] within [the Multi-State Class states] she lacks standing to assert claims under the consumer protection statutes of those states." *Gallagher v. Lactalis Am. Group, Inc.*, 22-CV-614 (JLS), 2023 WL 6224881, at *4 (W.D.N.Y. Sept. 21, 2023); *see also Miramontes v. Ralph Lauren Corp.*, 22-CV-04192 (CM), 2023 WL 3293424, at *8 (S.D.N.Y. May 5, 2023) (holding that plaintiff "has the burden to plead facts showing that she has standing to bring class representative claims under the consumer fraud statutes of [the Multi-State Class states].").
[5] *Lumbra v. Suja Life, LLC*, 122CV893, 2023 WL 3687425, at *7 (N.D.N.Y. May 26, 2023).
[6] *Id.* (quoting *Besicorp Group, Inc. v. Thermo Electron Corp.*, 981 F. Supp. 86, 101-02 (N.D.N.Y. 1997)).

Hon. Katherine Polk Failla
November 16, 2023
Page 3

pre-suit notice letter, via certified mail return receipt requested" on September 28, 2023, the day before she filed her Complaint. Compl. ¶ 68. This is insufficient pre-suit notice as a matter of law.[7]

Moreover, "express and implied breach of warranty claims seeking to recover for financial injuries, like those here, require a showing of privity between the manufacturer and the plaintiff unless an exception applies."[8] Drugas fails to allege facts supporting privity or an exception to the privity requirement in this case. And, as discussed *supra*, Drugas has failed to adequately plead a material misrepresentation or any actual injury as a result. Drugas's breach of express warranty claim, therefore, fails for the same reasons as her GBL claims.[9]

**Count V:** Drugas fails to state a claim for <u>unjust enrichment</u> because under New York law "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim," and cannot be pursued as a "catchall" claim "when others fail."[10] Because "Plaintiff's other claims fail, so, too, does the unjust enrichment claim."[11]

**Count VI:** Drugas fails to state a claim for violation of the <u>Magnuson-Moss Warranty Act</u> because the alleged misrepresentation is not an actionable warranty under the MMWA, as it does not warrant that the product is "defect free" or "will meet a specified level of performance over a specified period of time."[12] Additionally, Plaintiff's MMWA claim is based on state warranty law and thus fails for the same reasons as the express warranty claim.[13] In addition, the MMWA prohibits class actions in federal court where, as here, there are fewer than 100 named plaintiffs.[14]

**Count VII:** Drugas fails to state a claim for <u>fraud</u> on the same bases as her GBL claims. Moreover, under Rule 9(b), Drugas fails to plead with particularity facts "that give rise to a 'strong inference of fraudulent intent,'" and that demonstrate that Prime knew that the representation was false, and that Prime made the false representation for the purpose of inducing reliance.[15]

For these reasons, Prime requests permission to file its motion to dismiss within 21 days following entry of an order permitting Prime to file the motion.

Respectfully,

/s/ *Stephen L. Saxl*

Stephen L. Saxl

---

[7] *See, e.g.*, *Wheeler v. Topps Co.*, 652 F. Supp. 3d 426, 433 (S.D.N.Y. 2023) (filing complaint is insufficient to satisfy pre-suit notice requirement); Fed. R. Civ. P. 6(d) (providing three days following mail service).
[8] *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 101 (2d Cir. 2023).
[9] *Lumbra*, 2023 WL 3687425, at *7.
[10] *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012).
[11] *Sarr v. BEF Foods, Inc.*, No. 18-CV-6409, 2020 WL 729883, at *10 (E.D.N.Y. Feb. 13, 2020).
[12] *Hart v. BHH, LLC*, No. 15-CV-4804, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2015) (dismissing MMWA claim where only temporal reference was the representation that the device works "fast").
[13] *See Brumfield v. Trader Joe's Co.*, No. 17-CV-3239, 2018 WL 4168956, at *4 (S.D.N.Y. Aug. 30, 2018).
[14] *See* 15 U.S.C. § 2310(d)(3)(c); *Chufen Chen v. Dunkin' Brands, Inc.*, No. 17-CV-3808, 2018 WL 9346682, at *6 n.6 (E.D.N.Y. Sept. 17, 2018) (dismissing MMWA class claim because complaint had fewer than 100 named plaintiffs).
[15] *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205, 217 (W.D.N.Y. 2022).