

Nick Suciu III
Senior Partner
6905 Telegraph Road, Suite 1154
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com

November 21, 2023

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re: ***Drugas v. Prime Hydration LLC***, Case No. 1:23-cv-08552-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent Plaintiff, Kyra Drugas, in this matter. We submit this response to Defendant, Prime Hydration LLC's ("Prime"), letter request for a pre-motion conference or permission to file a motion to dismiss. *See* ECF 13. While Plaintiff does not oppose Prime's request for a pre-motion conference or its right to file a motion to dismiss, we respond to the letter to substantively address and oppose the Rule 12 challenges, as follows.

Plaintiff's Complaint alleges Prime has misrepresented material information to consumers, specifically, that "its Products have specific amounts of caffeine that it does not in fact contain." *See* ECF 1 ("Compl.") ¶ 1. The products' marketing targets children and adolescents, and there is "no proven safe dose of caffeine for children." *Id.* ¶ 11.[1] Given the known risks of adverse reactions to caffeine, especially to children, accurately disclosing the amount of caffeine per container is vital and material. *Id.* ¶ 16. Prime informs consumers that a 12 oz. can contains "200mg of caffeine," however, according to testing commissioned by Plaintiff's attorneys, it "actually contain[s] between 215-225 milligrams of caffeine." *Id.* ¶¶ 17-19. Plaintiff would not have purchased the product had she known the actual amount of caffeine in contained. *Id.* ¶ 5.

In preview of its anticipated Motion to Dismiss, Prime asks the Court to ignore the alleged misrepresentation because it has not yet reviewed the test results. It also asks the Court to assume consumers always want <u>more</u> caffeine in their drinks, and "if anything," reasonable consumers are willing to pay <u>more</u> money for more caffeine, regardless of what the label says. Despite not having reviewed the test results or produced its own, Prime essentially argues the Court should, at the pleadings stage, find the alleged test results are "implausible and insufficient allegations" that the label's representations are materially false and misleading.[2] Based on Plaintiff's detailed allegations, Prime's proposed Rule 12 arguments as to each cause of action lack merit.

---

[1] https://www.reuters.com/business/healthcare-pharmaceuticals/rising-caffeine-levels-spark-calls-ban-energy-drink-sales-children-2023-08-30/ (last visited Nov. 21, 2023).
[2] At the pleading stage, Plaintiff is not required to disclose all the details of his testing. *See John v. Whole Food Markets Grp., Inc.*, 858 F.3d 732, 737 (2d Cir. 2017).



I.      **Violation of New York General Business Law ("GBL") and Other States' Consumer Fraud Statutes**

Counts I, II and III allege violations of consumer fraud statutes. Prime claims the GBL has not been violated because representing the products have less caffeine than they actually do is not "materially misleading," and in any event, Plaintiff has not suffered actually injury even if she has been deceived.[3] Both positions fail as a matter of law. First, Prime seems to concede at least some duty to disclose accurate labels on food, but implies the FDA allows for the underreporting of ingredients, including caffeine. That is false. In fact, in *Lopez v. Zarbee's, Inc.*, the court found the FDA does not intend "to allow a manufacturer to add excess dietary ingredients in unspecified amounts that would be in excess of the amount actually needed to meet the label declaration." 2023 WL 210878, at *2 (N.D. Cal. Jan. 17, 2023) (citing 68 Fed. Reg. 12158, 12203; 72 Fed. Reg. at 34884). Accordingly, Prime's position that the overage of caffeine alleged here does not violate FDA regulations is incorrect.[4]

Second, Prime claims Plaintiff failed to allege the price would have been *less* if it had disclosed the higher caffeine content (a price premium theory), and as such, she has suffered no harm. In fact, Plaintiff does allege loss "because [she] paid more for the Products than [she] would have had [she] known the truth about the Products." Compl. ¶ 58; *see also Id.* ¶¶ 48, 56, 82. This alleges real, concrete injury, and is sufficient to deny Prime's anticipated Rule 12 motion.

In challenging Count I, Prime also claims Plaintiff lacks standing to bring actions under other states' consumer fraud statutes, and "fails to plead with particularity under Rule 9(b)." Prime is wrong. *See Kelly v. Beliv LLC,* 640 F. Supp. 3d 286, 299-300 (S.D.N.Y. 2022) (finding plaintiff did not lack Article III standing to assert claims on behalf of unnamed class members under other states' consumer protection laws.); *see also Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, at 96 (2d Cir. 2018)(holding whether plaintiff can bring class action under laws of multiple states not a question of Article III standing). Further, Prime's Rule 9(b) particularity argument fails on its face. Plaintiff alleges Prime misrepresented the caffeine content of its product on the label. How much more specific can one get?

II.     **Breach of Express Warranty**

Prime challenges Plaintiff's express warranty claim, arguing Plaintiff's pre-suit letter is insufficient to satisfy N.Y. U.C.C. § 2-607(3)(a), and that Plaintiff fails to satisfy a purported requirement of privity between the manufacturer and the consumer. First, Plaintiff did provide Prime with a pre-suit letter pursuant to N.Y.

---

[3] Presumably, Prime does not challenge that it has "engaged in consumer-oriented conduct." *Reyes v. Upfield US Inc.*, 2023 WL 6276685, at *3 (S.D.N.Y. Sept. 26, 2023) (interpreting GBL §§ 349 and 350).

[4] Further, "New York courts apply an objective definition of deceptive acts and practices, concerned only with 'those likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (citations omitted).



U.C.C. § 2-607(3)(a).⁵ *See* Compl. at Ex. A. Second, Plaintiff satisfies all the elements of a breach of express warranty claim. *See Klausner v. Annie's, Inc.*, 581 F. Supp. 3d 538, 550 (S.D.N.Y. 2022) (elements of breach of an express warranty claim in New York are: "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach."). Indeed, New York law does not require privity in this situation, as Prime suggests.⁶ *See Brady v. Anker Innovations Ltd.*, 2020 WL 158760, at *10 (S.D.N.Y. Jan. 13, 2020); *Suarez v. Cal. Nat. Living, Inc.*, 2019 WL 1046662, at *8 (S.D.N.Y. Mar. 5, 2019).

### III.  Plaintiff has Adequately Alleged Fraud and Unjust Enrichment

In addition to rehashing other challenges, Prime argues Plaintiff's fraud claim fails as a matter of law because it doesn't plead clearly enough that Prime knew its products contained more caffeine than it disclosed, and it did not misrepresent that fact just to induce reliance. These claims are meritless. First, especially when marketing to children, the amount of caffeine in a product is vital. Prime's implication that it did know its representations were wrong are beyond logic. Next, given the media implications and the known risks of high levels of caffeine in energy drinks like this one, under reporting amounts are done to avoid scrutiny and promote the safety of the product as a clear inducement for purchase. This is textbook fraud. Finally, Prime claims Plaintiff's unjust enrichment claim fails because it is the same allegation as other claims raised in the Complaint. As set forth above, this is incorrect.

Based on the foregoing, none of Prime's challenges have any merit. Plaintiff looks forward to briefing these issues and the case should proceed on the merits straightaway.

                                        Sincerely,

                                        [signature]

                                        Nick Suciu III Esq.
                                        Milberg Coleman Bryson Phillips Grossman

NS III:tbk

---

⁵ Regardless of the timing of the letter, which was appropriate here and is "generally a question for the jury," *Tomasino v. Estee Lauder Cos. Inc.*, 44 F.Supp.3d 251, 260 (E.D.N.Y.2014), a letter may not even be required under New York law. There is an exception to the notice requirement for retail customers, *see, e.g., Neri v. R.J. Reynolds Tobacco Co.*, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000), as well as for edible products like this one. *See Sullivan v. Aventis, Inc.*, 2015 WL 4879112, at *8 (S.D.N.Y. Aug. 13, 2015). And Plaintiff's pleading itself may constitute pre-suit notice. *See generally* N.Y. U.C.C. § 2–607(3); *Panda Capital Corp. v. Kopo International, Inc.*, 242 A.D.2d 690, 662 N.Y.S.2d 584 (1997).

⁶ "A manufacturer, by putting its product in the market for distribution through market channels, represents to all who might buy the product that it is at least merchantable and can reasonably foresee both reliance by buyers and the economic consequences of that reliance." *See Paramount Aviation Corp. v. Agusta*, 288 F.3d 67, 71 (3d Cir. 2002).

The Court is in receipt of Defendant's request for a pre-motion conference regarding its anticipated motion to dismiss (Dkt. #13) and Plaintiff's above response (Dkt. #14).

The Court hereby ADJOURNS the initial pretrial conference scheduled for January 10, 2024, at 3:30 p.m.  A pre-motion conference regarding Defendant's anticipated motion to dismiss shall be held on January 10, 2024, at 3:30 p.m. in its place.  At the scheduled date and time, the parties are to call (888) 363-4749 and enter access code 5123533.

Dated:    November 22, 2023
          New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE